IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAROL REHMAN, | ) |
| | ) Civil Action No. 09 - 248 |
| Plaintiff, | ) |
| | ) Magistrate Judge Lisa Pupo Lenihan |
| v. | ) |
| | ) Doc. No. 5 |
| BASIC MOVING *d/b/a* STATE TO STATE VAN LINES, INC., | ) |
| | ) |
| | ) |
| Defendant. | ) |

## **OPINION**

LENIHAN, Magistrate Judge

Currently before the Court for disposition is Plaintiff's Motion for Remand (Doc. No. 5). For the reasons set forth below, the Court will grant Plaintiff's motion.

### *Background*

Plaintiff, Carol Rehman, proceeding *pro se*, filed her complaint in the Allegheny County Court of Common Pleas ("State Court") on May 27, 2008, asserting state common law claims against Defendant, Basic Moving d/b/a State to State Van Lines, Inc. ("Basic"), arising out of a contract for the interstate transport of certain household goods belonging to Plaintiff.[1] Specifically, in her complaint, Plaintiff asserted claims for failure to pick up and deliver three bookcases and for breach of contract, and sought damages on each claim in the amount of $2,000.00 and $5,000.00, respectively, plus costs. Given the amount of damages set forth in Plaintiff's complaint, this case was assigned to the State Court arbitration docket and scheduled for a hearing on October 1, 2008.

---

1. Plaintiff originally commenced this action in Magisterial District Court No. 05-2-27 of Allegheny County under Docket No. 0066-08 on February 7, 2008, and judgment was entered in favor of Plaintiff in the amount of $7,000.00, plus $126.50 in costs, on May 5, 2008. Defendant appealed the judgment of the Magisterial District Court and a praecipe was issued directing Plaintiff to file a complaint in State Court.

In the meantime, on September 11, 2008, counsel for Basic took Plaintiff's deposition, during which Rehman was questioned about the claim she attempted to file with Basic and the amount of her alleged unreimbursed losses. During that deposition, Rehman informed counsel that the amount she was not reimbursed by her insurance carriers was approximately $14,000.00, plus $3,000.00 in deductibles. (Rehman Dep. at 36-37 (Doc. 8-8).)

Subsequently, an arbitration panel awarded judgment in favor of Basic on October 1, 2008, after which Plaintiff appealed and the case was placed on the May 2009 trial list. In January of 2009, the parties engaged in some preliminary settlement discussions and counsel for Basic asked Plaintiff to put her demand in writing and to provide a summary of all damages, which she did on January 29, 2009. In that letter, Plaintiff set forth unreimbursed losses totaling $24,812.33,[2] but stated that her demand to settle was $10,000 plus agreement to certain terms and conditions. (Ex. H to Notice of Removal, Doc. No. 1-9.)

Thereafter, on February 26, 2009, Basic filed a Notice of Removal and the case was removed to this federal district court. Basic predicated federal removal jurisdiction on 28 U.S.C. § 1331, in that the claims asserted by Plaintiff originated from the transportation of goods in interstate commerce. (Notice of Removal, ¶ 11.) In particular, Basic asserted that the action was removable under Section 1331 because, in actuality, Plaintiff seeks to recover damages for delay, loss or injury of a shipment in interstate transport, and the amount in controversy arising from the bill of lading for the shipment exceeds $10,000.00 exclusive of interest and costs. Therefore, it is removable pursuant to Section 1441(b). (*Id.* at ¶ 12.) Basic further asserted in its notice of removal that the

---

2. The $24,812.33 is comprised of $17,812.33 (net loss between the amount claimed to insurance companies and amount paid out); $2,000.00 (three bookcases - total loss); and $5,000.00 (amount paid to Basic for the move). (Doc. 1-9, Ex. H.)

removal was timely under Section 1446(b) because Basic first became aware that the litigation value of this action exceeded $10,000.00 when it received Plaintiff's January 29, 2009 letter on February 2, 2009.[3] (*Id.* at ¶¶ 13-15.) On March 5, 2009, Plaintiff filed a timely Motion to Remand this action to State Court and Defendant filed a brief in opposition, to which Plaintiff filed a reply.

*Legal Standards - Removal & Motion to Remand*

Section 1441 of Title 28, United States Code, governs the removal of a case to federal court. Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . , to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. §1441(a). "The removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (quoting *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987) (other citations omitted)); *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 219 (3d Cir. 2005). Where a motion for remand is filed, the defendant has the burden of proving that removal was proper. *Sikirica,* 416 F.3d at 219 (citing *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004)).

Of particular relevance here is 28 U.S.C. § 1445(b), which provides:

> A civil action in any State court against a carrier . . . to recover damages for delay, loss, or injury of shipments, arising under section 11706 or 14706 of title 49, may not be removed to any district court

---

3. As correctly noted by Defendant, for purposes of determining whether the matter in controversy requirement is met, courts look to the litigation value of the claims, as opposed to the settlement value. *See, e.g., Jackson v. Am. Bankers Ins. Co.,* 976 F.Supp. 1450, 1454 (S.D.Ala. 1997); *Fusco v. Nationwide Ins. Co.,* No. Civ.A. 95-5760, 1995 WL 709921, *2 (E.D.Pa. Nov. 22, 1995) (amount in controversy refers to value of claim being litigated and not to amount of settlement offer) (citing *Angus v. Shiley, Inc.,* 989 F.2d 142, 146 (3d Cir. 1993)).

> of the United States unless the matter in controversy exceeds $10,000, exclusive of interest and costs.

Section 14706, which is commonly referred to as the Carmack Amendment, provides for a private cause of action against motor carriers for actual injury or loss occurring to household goods transported by that carrier in interstate commerce. 49 U.S.C. § 14706(a)(1) & (d) (2005).

The time for removal is governed by Section 1446(b), which provides, in essence, that the notice of removal shall be filed within thirty days after receipt by the defendant of a copy of the initial pleading,[4] unless the case stated by the initial pleading is not removable. 28 U.S.C. § 1446(b). In the latter situation, "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable[.]" *Id.*

*Analysis*

Basic Moving advances two arguments in support of its position that this Court has removal jurisdiction over this case. Initially, Basic submits that federal court jurisdiction is based upon the complete preemption doctrine and 49 U.S.C. § 14706, and the fact that the amount in controversy exceeds $10,000 under a single bill of lading in accordance with 28 U.S.C. §§ 1331, 1337(a), and 1445(b). Second, Basic contends that jurisdiction and removal under 28 U.S.C. §1337(a) are proper because Plaintiff seeks a refund of interstate tariff charges.

In support of her motion to remand, Rehman advances two arguments. First, Rehman

---

4. Relying on the Supreme Court's decision in *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344 (1999), the Court of Appeals for the Third Circuit has held that the term "initial pleading" as contained in both the first and second paragraphs of Section 1446(b), refers to the complaint. *Sikirica v. Nationwide Ins. Co.,* 416 F.3d 214, 223 (3d Cir. 2005).

contends that this action is not removable because the amount of damages claimed in this case is $7,000.00, and has not changed, and therefore, does not exceed the $10,000.00 matter in controversy requirement, exclusive of interest and costs. In support, Rehman submits that the January 29, 2009 letter was merely a good faith offer to settle, and the full amount of her loss was included at the request of counsel for Basic for their information only. Consequently, Rehman maintains that the letter does not constitute official notice that the amount of damages has changed. Moreover, Rehman contends that the $10,000.00 demand was predicated upon the $7,000.00 claimed in her original complaint, plus an additional $3,000.00 for her time, effort, expense, and inconvenience endured in the pursuit of this action. (Doc. No. 5, ¶¶ 10-12.) According to Rehman, this was the first and only offer made by either party to settle the case, and does not constitute a re-evaluation of the case as suggested by Basic. In addition, because Basic never notified her that it was rejecting her demand, it technically expired and thus was not in existence or valid when Basic filed its Notice of Removal on February 26, 2009. Therefore, Rehman maintains that removal was improper. (Doc. No. 8, ¶ 8-9.)

Second, and more importantly, Rehman argues that the amount of loss that she was not reimbursed by her insurance companies, *i.e.*, $17,812.33, has been known by Basic's attorneys since her deposition on September 11, 2008. (Doc. No. 8, ¶ 7.) Accordingly, the Notice of Removal was untimely.[5] In the event that the Court grants her motion, Rehman requests that the Court consider imposing sanctions on defense counsel for Basic. (Doc. No. 8, ¶ 15.)

---

5. Although Rehman does not expressly argue that the Notice of Removal was untimely, it can certainly be inferred from her written reply and documents submitted in support thereof. It is well settled that the pleadings and legal arguments of parties proceeding *pro se* are to be liberally construed, and courts will apply the applicable law, regardless of whether the *pro se* litigant has mentioned it by name. *Dluhos v. Strasberg,* 321 F.3d 365, 369 (3d Cir. 2003) (citing *Higgins v. Beyer,* 293 F.3d 683, 688 (3d Cir. 2002)).

Although Rehman's argument regarding her January 29, 2009 letter lacks legal merit,[6] her untimeliness argument vis a vis her deposition testimony is persuasive and supports remand of this case to State Court.

In removal cases, the existence of federal court jurisdiction is usually determined under the well-pleaded complaint rule, which provides that federal question jurisdiction is established when the face of a properly pleaded complaint asserts a federal question. *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987). The well-pleaded complaint rule "makes the plaintiff the 'master of the claim,' meaning that he or she may avoid federal jurisdiction by forgoing federal causes of action and basing the claim on only state law." *Scott v. Sysco Food Serv. of Metro N.Y., L.L.C.,* Civ. A. No. 07-3656 (SRC), 2007 WL 3170121, *2 (D.N.J. Oct. 26, 2007 (citing *Caterpillar,* 482 U.S. at 392 (other citation omitted)). "Under the well-pleaded complaint rule, there can be no removal on the basis of a federal question unless the federal law under which the claim arises is a direct and essential element of the plaintiff's case." *In re Community Bank of N. Va.,* 418 F.3d 277, 293 (3d Cir. 2005) (citing *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.,* 463 U.S. 1, 10-12 (1983); *Louisville & Nashville R.R. Co. v. Mottley,* 211 U.S. 149 (1908)). However, an

---

6. The majority of courts that have considered this issue "have given the reference to 'other paper' an embracive construction and have included a wide array of documents within its scope." *See* Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, *14 C Fed. Prac. & Proc.: Jurisdiction 3d* § 3732 at 300 (1998) ("*Fed. Prac. & Proc.*"). In particular, a number of courts have held that correspondence between parties and/or their counsel discussing settlement usually are accepted as an "other paper" which initiates a new thirty-day period of removability under Section 1446(b). *Id.* at 309-10; Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, & Joan E. Steinman, *14 C Fed. Prac. & Proc.: Jurisdiction 3d* § 3732 at 392-93 n. 31 (2009 Supp.) (citing *Babasa v. LensCrafters, Inc.,* 498 F.3d 972, 975 (9th Cir. 2007) (holding 30-day removal period began when employer received letter from plaintiffs regarding parties' mediation efforts asserting damages in excess of jurisdictional amount requirement for class actions); *Addo v. Globe Life & Acc. Ins. Co.,* 230 F.3d 759, 761-62 (5th Cir. 2000) (holding a post-complaint letter from plaintiff's counsel to defendant offering to settle the action for an amount in excess of the matter in controversy requirement constituted an "other paper" which triggered the running of the 30-day time period for removal); *Efford v. Milam,* 368 F.Supp. 2d 380 (E.D.Pa. 2005) (holding correspondence between parties' counsel was an "other paper" under § 1446(b))) (other citations omitted).

independent corollary to the well-pleaded complaint rule is the complete preemption doctrine. *Id.* at 293-94 (citing *Caterpillar,* 482 U.S. at 393). As the Supreme Court explained in *Caterpillar*:

> On occasion, the Court has concluded that the pre-emptive force of a statute is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule. . . . Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law.

*Caterpillar*, 482 U.S. at 393 (internal quotations and citations omitted); *In re Community Bank of N. Va.,* 418 F.3d at 294 (quoting *Caterpillar, supra*) (other citations omitted).

Here Basic maintains that it removed this action on the basis that Plaintiff's state law claims are completely preempted by the Carmack Amendment. Recently, the Court of Appeals for the Third Circuit upheld the district court's order denying remand on the basis that the Carmack Amendment preempted the plaintiffs-shippers' state law claims for breach of contract and negligence.[7] *See Lewis v. Atlas Van Lines, Inc.,* 542 F.3d 403, 407-08 (3d Cir. 2008) (citing *Ga., Fla., & Atlantic Ry. Co. v. Blish Milling Co.,* 241 U.S. 190, 196 (1916) ("explaining that the Carmack Amendment covers 'all losses resulting from any failure to discharge a carrier's duty as to any part of the agreed transportation'")) (other citation omitted). In *Lewis*, the plaintiffs claimed damages of $72,000.00 incurred as a result of the defendant moving company's failure to live up to its promise to move the shipper's household belongings by a date certain. In addition, several other courts of appeals and district courts within this circuit have concluded that the Carmack Amendment completely preempts state common law claims for breach of contract and negligence, involving loss or damage to household goods caused during interstate transport by a common carrier.

---

7. The timeliness of the notice of removal was not at issue in *Lewis.*

*See, e.g., Hoskins v. Bekins Van Lines,* 343 F.3d 769, 778 (5th Cir. 2003) (state law claims for negligence, breach of contract, and violation of Texas Deceptive Trade Practices Act were completely preempted by the Carmack Amendment); *Hall v. N. Am. Van Lines, Inc.,* 476 F.3d 683, 687-88 (9th Cir. 2007) (holding that Carmack Amendment falls within the "handful of extraordinary situations where even a well-pleaded state law complaint will be deemed to arise under federal law for jurisdictional purposes"); *Orlick v. J.D. Carton & Son, Inc.,* 144 F.Supp. 2d 337, 344-45 (D. N.J. 2001) (state law claims for breach of contract, common law fraud, violation of New Jersey Consumer Fraud Act, slander of credit and punitive damages were completely preempted by Carmack Amendment) (citing *Adams Express Co. v. Croninger,* 226 U.S. 491, 505-06 (1913)); *Hoover v. Allied Van Lines, Inc.,* 205 F.Supp. 2d 1232, 1240-41 (D. Kan. 2002) (state law negligence and breach of contract claims were completely preempted by Carmack Amendment).

In the case at bar, it is clear that the state law claims asserted by Plaintiff in her complaint involve loss or damage to goods arising from the interstate transportation of those goods by common carrier.[8]  Accordingly, based on the above-cited authority, the Court concludes that the Carmack Amendment completely preempts Plaintiff's state common law claims.  Because the Carmack Amendment provides the exclusive cause of action for such claims, the Court finds that Rehman's claims "only arise[ ] under federal law and could, therefore, be removed under § 1441." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 11, 123 S.Ct. 2058, 2064 (2003).

---

8. The Court notes that in her brief, Plaintiff argues that the Carmack Amendment does not preempt her claim of carrier malfeasance.  (Doc. No. 8 at pg. 17.)  Plaintiff's complaint does not contain any allegations to support such a claim.  Therefore, this argument is unavailing.  Even if the complaint did set forth such a claim, that would not defeat federal jurisdiction over Plaintiff's asserted claims under the complete preemption doctrine based on the Carmack Amendment.  So long as one of Plaintiff's claims presents a federal question, *i.e.,* is completely preempted by the Carmack Amendment, federal question jurisdiction will lie.  *Hall v. N. Am. Van Lines,* 476 F.3d at 689; *Steiner v. Horizon Moving Sys.,* 568 F.Supp. 2d 1084, 1087-88 (C.D.Cal. 2008).

Although Rehman's claims are "removable," that does not end the inquiry, because Section 1445(b) imposes a matter in controversy requirement for Carmack Amendment claims, *i.e.,* in excess of $10,000.00 exclusive of interest and costs. 28 U.S.C. § 1445(b). Rehman's initial pleading filed in State Court clearly indicates that the damages she seeks are $ 7,000.00, exclusive of interests and costs, and thus, based on the allegations in her complaint, the Carmack Amendment claims could not be removed within thirty days of the initial pleading–May 27, 2008.

At some time after the filing of the complaint, Basic became aware that the litigation value of this case exceeded $10,000.00 exclusive of interest and costs, and subsequently filed its Notice of Removal. The question for this Court is whether the Notice of Removal was filed within thirty days after receipt by Basic of some "other paper" from which it first ascertained that the matter in controversy requirement had been satisfied. Basic contends that the "other paper" from which it first learned that the litigation value exceeded $10,000.00 is the January 29, 2009 letter from Plaintiff, which it received on February 2, 2009. Since the notice of removal was filed on February 26, 2009, Basic contends the removal was timely and therefore this Court has removal jurisdiction over this case. Rehman maintains, on the other hand, that Basic first learned of the litigation value of this case at her deposition on September 11, 2008. The Court agrees with Rehman, that based on her deposition testimony, Basic should have been aware of the litigation value of this case prior to February 2, 2009.

The majority of courts that have considered whether deposition testimony can be deemed an "other paper" under Section 1446(b) have held that an answer given at a deposition which is transcribed constitutes an "other paper," thereby triggering the running of the thirty-day time period for removal. *Seigfried v. Allegheny Ludlum Corp.,* Civ.A. No. 09-125, 2009 WL 1035001, *3

(W.D.Pa. Apr. 17, 2009) (citing *Peters v. Lincoln Elec. Co.,* 285 F.3d 456, 465-66 (6th Cir. 2002); *Huffman v. Saul Holdings Ltd. P'ship,* 194 F.3d 1072, 1078 (10th Cir. 1999); *S.W.S. Erectors, Inc. v. Infax, Inc.,* 72 F.3d 489, 494 (5th Cir. 1996); *Connolly v. Aetna U.S. Healthcare, Inc.,* 286 F.Supp. 2d 391, 398 (D.N.J. 2003)); *see also Fed. Prac. & Proc.*, § 3732 at 306-310 ("Various discovery documents such as depositions . . . usually are accepted as 'other paper' sources that initiate a new thirty-day period of removability.") At her deposition, Rehman was being asked about the efforts she took to file a claim with Basic for furniture and other goods she alleged were lost or damaged during the interstate transport. (Rehman Dep. at 32-36.) The following colloquy then took place between Basic's counsel and Rehman:

> Q. How much did you receive from your homeowner's carrier? Let's start with the Pennsylvania one.
> A. Let me see what I can find. As you know, if you have any experience with insurance, what you claim and what you get are two different things so I took quite a hit here. I did not get the full amount of the claim. The full amount of the claim was in excess of $70,000.
> Q. That would be the claim made to each?
> A. No, to both, the aggregate total amount. Chubb paid out $26,396.50. Encompass paid $29,797.65.
> Q. Were there any deductibles?
> A. Absolutely.
> Q. Could you please describe those?
> A. I lost a $2,500 deductible with Chubb. I lost a $500 deductible with Encompass, and clearly if you add up the two figures they paid out which comes to $56,194.15, that represents almost a $14,000 loss on the original amount of the claim. I got killed here. I really did. I took a tremendous loss.

Rehman Dep. at 36-37 (Doc. 8-9). From this testimony, counsel for Basic should have been aware that the litigation value of this case exceeded the $10,000.00 matter in controversy requirement, as Plaintiff stated she was out of pocket almost $14,000.00 on her unreimbursed insurance claims, plus

10

$3,000.00 in deductibles.

From Plaintiff's submissions with her reply brief, it appears that the deposition transcript was provided to the parties on or about September 17, 2008, as that is the date that the court reporter provided a copy of the transcript to Plaintiff for her review. Included at pages 55-56 of the transcript was a Notice of Non-Waiver of Signature to Plaintiff dated September 17, 2008. It is reasonable to assume that Basic's counsel was also provided with a written transcript at or around September 17, 2008. In any event, Basic has not come forward with any evidence to show that it did not receive a copy of the deposition transcript, or to establish a receipt date within thirty days of February 26, 2009, despite the fact that Basic has the burden of proving removal was proper. Accordingly, the Court finds that Basic received an "other paper" giving it actual notice of the litigation value of this case on or about September 17, 2008, and therefore, the Notice of Removal was untimely.

In the alternative, Basic asserts in its brief in opposition to remand that removal was proper under 28 U.S.C. § 1337(a),[9] as Plaintiff seeks a refund of interstate tariff charges. However, Basic's alternative argument misses the mark for two reasons. First, Plaintiff's complaint is completely devoid of any references to tariffs or freight charges, not did she attach to her complaint a copy of a bill of lading. In addition, Plaintiff has not alleged any additional facts relating to her breach of contract claim in any subsequent papers. Thus, assuming for argument's sake that some statutory

---

9. Section 1337(a) provides:
> The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies: *Provided, however,* That the district courts shall have original jurisdiction of an action brought under section 11706 or 14706 of title 49, only if the matter in controversy for each receipt or bill of lading exceeds $10,000, exclusive of interest and costs.

28 U.S.C. § 1337(a).

basis other than the Carmack Amendment provides a basis for federal question jurisdiction, such that the matter in controversy requirement under Section 1337(a) does not apply, such grounds for removal, if it existed at all, would have existed at the time Plaintiff filed her initial pleading. Therefore, the notice of removal, based on what Basic now characterizes as a claim for a refund of interstate tariff charges, would have to have been filed within thirty days of May 27, 2008, and since it was not, is untimely.

The other reason Basic's alternative argument fails is because it did not raise the refund of interstate tariff charges as a basis for federal question jurisdiction under Section 1337(a) in its notice of removal, but rather, raises this argument for the first time in its brief in opposition to Plaintiff's motion to remand. Because this argument raises a new and independent ground for removal and is made beyond thirty days after the notice of removal was filed, it is waived. *USX Corp. v. Adriatic Ins. Co.,* 345 F.3d 190, 204-06 & n. 11 (3d Cir. 2003) (citing *Newman-Green, Inc. v. Alfonzo-Larrain,* 490 U.S. 826, 831-32 (1989) (holding district and appellate courts have the power to remedy inadequate jurisdictional allegations but not defective jurisdictional facts under 28 U.S.C. § 1653); *14C Fed. Prac. & Proc. 3d § 3733*, at 358-61 ("[A]mendment of the removal notice . . . may correct an imperfect statement of citizenship, or state the previously articulated grounds more fully, or correct the jurisdictional amount. Completely new grounds for removal jurisdiction may not be added and missing allegations may not be furnished however.") (footnote omitted)); *see also Akins v. Radiator Specialty Co.*, No. Civ. A. 3:05-451, 2006 WL 2850444, * 2 (W.D.Pa. Sept. 29, 2006) (precluding defendants from adding a new and independent basis for federal question jurisdiction raised for first time in response to remand motion) (citing *USX Corp., supra*). Accordingly, the Court finds no merit to Basic's alternative argument in support of removal.

One final matter warrants brief discussion. Plaintiff has asked the Court to consider imposing sanctions on counsel for Basic in the event the Court orders remand to State Court. In support of her request, Rehman asserts that Defendant's improper removal of this case "wasted the Court's valuable time" and was done "with the explicit intent to delay even further the progress of this case, to attempt to exploit [her] pro se status, and to obfuscate this case." (Doc. No. 8, ¶ 15.) Section 1447(c) vests the courts with broad discretion to award "just costs and any actual expenses, including attorney fees, incurred as a result of the removal" where remand is ordered. 28 U.S.C. § 1447(c); *Mint v. Educ. Testing Serv.,* 99 F.3d 1253, 1260 (3d Cir. 1996) (citations omitted). The standard for awarding costs and fees when remand is ordered is the existence of an objectively reasonable basis for seeking removal. *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005). As the Supreme Court explained in *Martin*:

> The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources. Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff. The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied. In light of these " 'large objectives,' " the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case. For instance, a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees. When a court exercises its discretion in this manner, however, its reasons for departing from the

13

> general rule should be "faithful to the purposes" of awarding fees under § 1447(c).

*Id.* at 140-41 (internal citations omitted).

In the case at bar, attorney fees are not at issue since Plaintiff is proceeding *pro se*. In addition, Rehman has not specified what form of sanction she would like the Court to impose, nor does she attempt to describe or quantify any actual fees or costs that she has been required to incur as a result of the removal proceedings. Without such evidence, the Court is unable to consider her request. In any event, the Court does not believe a sanction would be warranted in this case, as it appears that Basic had an objectively reasonable basis pursuant to Section 1441(b) for removing the case to federal court, but was unsuccessful based on a procedural defect. *Saterstad v. Stover,* No. 07-2384, 249 Fed. Appx. 955, 956 (3d Cir. Oct. 5, 2007) (holding district court did not abuse its discretion in declining to award costs where defendants had objectively reasonable basis pursuant to § 1441(b) for removing case to federal court and remand was ordered based on procedural defect). Accordingly, the Court declines to order that Basic be sanctioned for removing this case to federal court.[10]

### *Conclusion*

For the foregoing reasons, the Court finds Defendant's Notice of Removal was untimely and therefore, remand is appropriate. Inasmuch as an objectively reasonable basis existed for Basic's removal of this case to federal court, the Court declines to award costs and/or fees under Section 1447(c). An appropriate order will follow.

---

10. That being said, the Court is mindful of the fact that it has now been over a year since Plaintiff obtained a judgment against Defendant in Magisterial District Court, which was subsequently overturned on appeal, and the removal to this Court has further delayed trial of the matter by possibly six months. Consequently, the Court recommends that upon remand to State Court, the clerk of court place this case on the next available trial list, if possible.

Dated: May 15, 2009	BY THE COURT:

_____
LISA PUPO LENIHAN
United States Magistrate Judge

cc:	Counsel of Record
	*Via Electronic Mail*

	Carol Rehman, *Pro Se* Plaintiff
	307 Dithridge Street, Apt. 406
	Pittsburgh, PA 15213

	*Via U.S. Mail*